IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL AYALA, | : | CIVIL ACTION |
| | : | NO. 12-905 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID A. VARANO, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## O R D E R

**AND NOW**, this **24th** day of **March, 2014,** after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (ECF No. 25) and Petitioner's objections thereto (ECF No. 30),[1] it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

(2) Petitioner's Objections to the Report and Recommendation are **OVERRULED**;[2]

---

[1] The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2012); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] In his petition for a writ of habeas corpus under 28 U.S.C. § 2254, Petitioner Noel Ayala states seven different grounds for relief, all of which Magistrate Judge Rice recommends "be denied with prejudice as meritless, procedurally defaulted, and non-cognizable." Report & Recommendation 1, ECF No. 25. Petitioner has filed objections to Magistrate Judge Rice's recommendation with regard to the following six grounds:

(1) insufficient evidence to support the convictions; (2) inconsistent verdicts; (3) ineffective assistance of trial counsel for failing to obtain DNA evidence; (4) ineffective assistance of trial counsel for failing to present character witnesses; (5) failure to fully redact a codefendant statement, in violation of Bruton v. United States, 391 U.S. 123 (1968); and (6) the Commonwealth's failure to provide certain discovery materials before trial. The Court addresses each objection in turn, and concludes that none of them are meritorious.

Petitioner first contends that the Superior Court's determination regarding the sufficiency of the evidence was based on an unreasonable interpretation of the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Specifically, he says that he should not have been convicted for robbery, aggravated assault, criminal conspiracy, and reckless endangerment because there was no physical evidence that tied him to the crime scene. But Jackson does not require the introduction of physical evidence; it simply requires evidence - either direct or circumstantial - upon which a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Eley v. Erickson, 712 F.3d 837, 847 (3d Cir. 2013) (quoting Jackson, 443 U.S. at 319). As both Magistrate Judge Rice and the state trial court fully explained, the testimonial evidence presented at trial, which included the testimony of numerous police witnesses present during the crime, was more than sufficient to support Petitioner's convictions. See Report & Recommendation 5-6; Resp., Ex. A, Decisions on Direct Appeal, ECF No. 24-1. Accordingly, Petitioner's first objection is overruled.

Next, Petitioner says that he is entitled to relief because the jury's guilty verdict on his aggravated assault charge is inconsistent with his acquittal on charges of carrying a gun on a public street and possessing an instrument of the crime. Petitioner says that the charges on which he was found not guilty "are predicates to an aggravated assault conviction," and thus that his aggravated assault conviction cannot stand. Obj. 9, ECF No. 30. But, as Magistrate Judge Rice rightly explained, that contention fails as a matter of law. The Third Circuit has made clear that "a defendant cannot challenge inconsistent jury verdicts if he was acquitted on one count and convicted on another," because we assume in such instances that the acquittal was the result of juror lenity. United States v.

Maury, 695 F.3d 227, 266 (3d Cir. 2012). Petitioner's second objection is therefore overruled.

Petitioner's next contention is that his trial counsel was ineffective for failing to request a DNA test of blood collected from the crime scene. This claim is procedurally defaulted, as Petitioner did not raise it in his state petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). Furthermore, even if Petitioner could overcome that default, he cannot show (1) that his trial counsel's decision not to request a DNA test was unreasonably deficient; or (2) that the decision was prejudicial to him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In light of the substantial evidence of Petitioner's involvement in the crime, trial counsel could have reasonably decided not to expend resources on a DNA test that would likely solidify his guilt. For the same reason, Petitioner cannot show that the failure to introduce DNA evidence calls into question the reliability of his conviction. Therefore, as his underlying claim is not meritorious, his objection is overruled and he is not entitled to the "stay-and-abeyance" procedure provided for in Rhines v. Weber, 544 U.S. 269 (2005).

Petitioner's fourth objection fails for similar reasons. Petitioner contends that his trial counsel was ineffective for deciding not to call certain character witnesses on his behalf. But, as the Superior Court explained in rejecting Petitioner's PCRA petition, Petitioner has only identified one possible witness that defense counsel was actually aware of at the time of trial. Resp., Ex. B, PCRA Opinion, at 5. Given the abundant evidence of his guilt, Petitioner has not shown that the absence of that one witness's testimony regarding his reputation for peacefulness, non-violence, and moral behavior was prejudicial to his defense. See Strickland, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). He therefore cannot succeed on his claim of ineffective assistance of counsel.

Next, Petitioner says that the trial court violated his Confrontation Clause rights under the Sixth Amendment by reading a codefendant statement to the jury, in violation of Bruton v. United States, 391 U.S. 123 (1968). At trial counsel's request, part of the statement was redacted so as not to implicate Petitioner, but counsel did not request redaction of a

part of the statement that referred to one of the codefendant's accomplices as having a goatee and wearing a khaki jacket. Resp., Ex. A, Decisions on Direct Appeal, at 21. Because counsel did not request a redaction of that statement, the court concluded on direct appeal that Petitioner's Bruton claim was waived. Id. at 22. Petitioner's Bruton claim is therefore procedurally defaulted, and that default can only be overcome with a showing of cause and prejudice, or a demonstration that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 749 (1991).

Petitioner cannot satisfy either standard, as he does not have new evidence of actual innocence, nor has he shown his trial counsel's ineffectiveness, as is necessary to establish cause in this instance. The unredacted statement is potentially incriminating to Petitioner only if there was evidence suggesting that he had a goatee and a khaki jacket at the time of the offense. Although such evidence was introduced, Petitioner himself introduced it during his cross-examination, which occurred after the codefendant statement had already been entered into evidence. Resp., Ex. A, Decisions on Direct Appeal, at 22 n.17. Petitioner therefore does not challenge the initial reading of the partially-redacted codefendant statement; he objects to the re-reading of the statement in response to a question from the jury during deliberations. See Obj. 24. Presuming for the sake of argument that the failure to redact constitutes a Bruton violation, the mere repetition of a statement that was already before the jury cannot be said to have "so infected the trial with unfairness as to make the resulting conviction a denial of due process," nor can counsel's failure to seek a redaction at that point be said to fall below an objective standard of reasonableness. Thomas v. Horn, 570 F.3d 105, 120-21 (3d Cir. 2009). Accordingly, Petitioner has failed to show cause for his procedural default.

Finally, Petitioner claims that he was prejudiced by the Commonwealth's failure to make certain laboratory reports available prior to trial. Petitioner bases this claim solely on Pennsylvania law, and thus, as Magistrate Judge Rice explained, it is not cognizable on federal habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

In sum, as none of Petitioner's claims provides a

4

(3) The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**;

(4) A certificate of appealability shall not issue; and

(5) The Clerk shall mark this case **CLOSED**.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

basis for the requested relief, his petition will be denied.